UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the
Joint Industry Board of the Electrical Industry,

                            Plaintiff,

-against-

FAMULARO ELECTRICAL CONTRACTING
CORP.,

                            Defendant.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-5279 (CBA) (RML)

SEP 2 5 2012

BROOKLYN OFFICE

**AMON, Chief United States District Judge**.

Dr. Gerald Finkel, Chairman of the Joint Industry Board of the Electrical Industry ("Plaintiff"), brings this action in his capacity as administrator and fiduciary of various employee benefit plans for electrical industry workers pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 404, 409, 502, and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132, and 1145. Plaintiff alleges that Famularo Electrical Contracting Corporation ("Defendant") failed to make required contributions to various employee funds as required under the collective bargaining agreements ("the CBA") between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") and the New York Electrical Contractors Association, agreements to which defendant is bound.

The defendant failed to appear or otherwise defend this action, and upon plaintiff's application, the Clerk of the Court entered default against defendant on December 2, 2011. (DE #5.) Plaintiff filed the instant motion for default judgment on December 21, 2011 (DE #6), which this Court granted with referral to Magistrate Judge Robert M. Levy for report and

recommendation on the issue of damages. (DE #13.) Pending before the Court is Magistrate Judge Levy's Report and Recommendation (the "R&R") issued on August 29, 2012. (DE #15.)

"A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge." *Wilson v. Dalene*, 699 F. Supp. 2d 534, 540 (E.D.N.Y. 2010). Where, as here, no timely objection has been made to the R&R, the "court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal quotation marks omitted). The Court has reviewed the record and adopts Magistrate Judge Levy's R&R with the below explained modification to the amount of liquidated damages.[1]

Plaintiff is entitled to an amount equal to 20% of delinquent contributions due to ERISA plans in liquidated damages. (*See* DE #8, Adler Decl. ¶ 23; DE #9, Sessa Decl., Ex. A at 18.) Plaintiff requests $3,492.88 in liquidated damages for unpaid ERISA contributions and $3,506.06 in liquidated damages for an unpaid audit deficiency. The liquidated damages for the unpaid audit deficiency was calculated at twenty percent of $17,530.32, the entire amount of the audit deficiency. (*See* DE #8, Adler Decl. ¶ 25.) However, the audit deficiency included unpaid contributions to the Electrical Employers Self Insurance Safety Plan ("EESISP"), a non-ERISA plan. (*See* DE #1, Compl. ¶ 7; DE #9, Sessa Decl., ¶ 5.) The amount of the audit deficiency attributed to unpaid EESISP contributions is $941.70; accordingly, plaintiff is entitled to 20% of

---

[1] The Court also notes that there appears to be a typographical error on page 4 of the R&R, where it states attorneys' fees and costs to be $3,270.99. Exhibit D to the Adler Declaration (DE #8), as well as later analysis in the R&R, indicates that the correct amount is $3,270.88.

2

the remaining $16,588.62 as liquidated damages for the audit deficiency, which is $3,317.72. Plaintiff shall thus be awarded a total of $6,810.60 in liquidated damages.[2]

The plaintiff's motion for default judgment is granted. Judgment shall enter against the defendant in the amount of $49,675.58, plus $4.13 per diem interest to run from December 23, 2011 through the date of entry of judgment. The judgment of $49,675.58 is broken down as follows:

(1) $19,195.69 in unpaid contributions for the weeks ending January 27, 2010 and February 3, 2010;

(2) $17,530.32 in unpaid contributions pursuant to the audit deficiency;

(3) $2,868.09 in interest;

(4) $6,810.60 in liquidated damages; and

(5) $3,270.88 in attorneys' fees and costs.

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
September 21, 2012

s/CBA

Carol Bagley Amon
Chief United States District Judge

---

[2] The audit deficiency also consisted of unpaid contributions to other funds, some of which are not clearly identifiable from the record as ERISA or non-ERISA plans. As defendant has made no objections and review is confined to those errors that are "clear . . . on the face of the record," *Wilds*, 262 F. Supp. 2d at 169, this Court subtracts from the audit deficiency only the unpaid contributions to the EESISP, a plan specified by plaintiff himself to be a non-ERISA plan, for the purpose of calculating liquidated damages.